**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JAMES RICKEY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-9774** |
| **SEA HORSE MARINE, INC.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Defendant Sea Horse Marine, Inc. filed a "Motion for Partial Summary Judgment on Plaintiff's Claim for Maintenance and Cure." Rec. Doc. 15. Plaintiff James Rickey White timely filed an opposition. Rec. Doc. 17. Defendant sought, and was granted, leave to file a reply. Rec. Doc. 20. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 15) is **DENIED WITHOUT PREJUDICE** as premature. Defendant may reurge its motion for summary judgment **after July 15, 2018**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff James Rickey White was employed by Defendant Sea Horse Marine, Inc. as the Captain of the M/V ELISE MARY on May 30, 2017, when he allegedly suffered an accident. *See* Rec. Doc. 1 ¶¶ 3-5; Rec. Doc. 11 ¶ 3. Because of the accident, Plaintiff allegedly suffered "serious painful injuries to his back and other parts of his body . . . ." Rec. Doc. 1 ¶ 5. On September 28, 2017, Plaintiff filed suit against Defendant, bringing negligence and unseaworthiness claims. *See id.* ¶¶ 6, 7. As part of his complaint, Plaintiff sought maintenance and cure. *See id.* ¶ 8.

1

Plaintiff applied for the job with Defendant on September 2, 2016. *See* Rec. Doc. 15-3. As part of the application process, Plaintiff filled out a medical history form and underwent a physical. *See* Rec. Doc. 15-4. On the medical history form, Plaintiff indicated that he suffered from high blood pressure and took medications for that condition. *See id.* at 1. Plaintiff also stated that he had previously "pulled muscles [in his] lower back[,]" had received worker's compensation, and suffered an "[i]njury or illness which required loss time from work[.]" *Id.* Plaintiff did not answer a question about whether he currently or previously suffered from an "[i]njured back/back pain[.]" *Id.* Plaintiff answered "no" when asked about whether he had ever suffered an "[i]njured hip[,]" "back surgery/injury[,]" "[r]uptured/herniated disk[,]" "[r]ecurrent neck/back pain[,]" "[a]ny joint problems[,]" "[a]ny other disease/surgery[,]" and "MRI, CT Scan, Discogram or Myelogram[.]" *Id.*

The record from Plaintiff's physical includes a similar medical history. *See id.* at 3-4. The physician's assistant who conducted the physical concluded that Plaintiff's "Spine/Musculoskeletal" system was "Normal[,]" but noted "degenerative change" in an x-ray of Plaintiff's lumbar spine. *Id.* at 6. Because of his high blood pressure, Plaintiff was not declared "Fit for duty" immediately following his physical. *Id.* at 7. Plaintiff also appears to have passed a drug test on September

2

2, 2016. *See id.* at 9. Plaintiff was ultimately hired by Defendant on September 6, 2016. *See* Rec. Doc. 15-3 at 4.

Plaintiff's medical history is actually more extensive than indicated on the pre-employment forms. Plaintiff admits that "[d]uring the eleven year time period preceding [his] September 2, 2016 pre-employment physical, [he] treated with multiple doctors for low back, hip and leg pain." Rec. Docs. 15-2 ¶ 23; 17-2 ¶ 23. Plaintiff admits that "two days before his pre-employment physical, plaintiff treated with Dr. Donald Sanders for . . . degeneration of intervertebral disc of the lumbar region, and was issued by Dr. Sanders a prescription for a 90 day supple of Norco," a painkiller containing acetaminophen and hydrocodone. Rec. Docs. 15-2 ¶ 27; 17-2 ¶ 27. Plaintiff admits that "[o]n March 22, 2017, [he] was examined by Dr. Roger Setzler . . . for problems with his left leg and pain radiating down his leg, and assessed with lumbar degenerative disc disease, bulging lumbar disc and acute left lumber radiculopathy." Rec. Docs. 15-2 ¶ 30; 17-2 ¶ 30. After the alleged accident, on November 8, 2017, Plaintiff underwent an independent medical examination with Dr. Revels. *See* Rec. Doc. 15-5. Dr. Revels concluded that Plaintiff's "current lumbar spine, hip and leg complaints are the same as his previous lumber spine, hip and leg conditions for which he sought treatment for over a decade." *Id.* at 2.

Defendant moved for summary judgment on the issue of Plaintiff's entitlement to maintenance and cure on March 6, 2018. *See* Rec. Doc. 15. Plaintiff opposed the substance of Defendant's motion and also argued that he needed additional time to complete discovery before adequately opposing the motion for summary judgment. *See* Rec. Doc. 17. The scheduling conference was not held until March 20, 2018. *See* Rec. Doc. 16. The scheduling order set a discovery deadline of December 10, 2018. *See id.* at 1.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the

4

movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

"Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). "The duty to provide cure encompasses not only the obligation to reimburse medical expenses already incurred, but also to ensure that the seaman receives the proper treatment and care . . . [until] maximum cure has been reached, *i.e.,* where it is probable that further treatment will result in no betterment in the claimant's condition." *Id.* However, a shipowner can assert the *McCorpen* defense, which applies when an "injured seaman willfully concealed from his employer a preexisting medical condition." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen v. Cent. Gulf. S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968)). "[T]o establish a *McCorpen* defense, an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld

5

information and the injury complained of in the lawsuit." *Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-59).

Relying on the *McCorpen* defense, Defendant has moved for summary judgment, seeking dismissal of Plaintiff's claim for maintenance and cure. *See* Rec. Doc. 15 at 1-2. But pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff seeks additional time to conduct discovery and develop evidence that will create a genuine issue of material fact with respect to Defendant's *McCorpen* defense.[1] *See* Rec. Doc. 17 at 5-7. "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted, [but] parties seeking Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Prospect Capital Corp. v. Mut. Of Omaha Bank*, 819 F.3d 754, 757 (5th Cir. 2016). "Instead, a party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced,

---

[1] Federal Rule of Civil Procedure 56(d) states that a court may defer ruling on a motion for summary judgment or allow additional time for discovery when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." The only declaration attached to Plaintiff's Opposition is from the Plaintiff himself, *see* Rec. Doc. 17-1, and does not specifically discuss the need for additional discovery. But the body of the Opposition does identify various pieces of evidence that Plaintiff aims to elicit during discovery. *See* Rec. Doc. 17 at 6. Defendant does not object to the form of Plaintiff's Rule 56(d) request. *See* Rec. Doc. 20. Therefore, in the interest of justice, the Court will analyze the propriety of delaying consideration of Defendant's motion for summary judgment.

6

will influence the outcome of the pending summary judgment motion." *Id.*

Given the very early stage of the instant proceedings and Plaintiff's desire to conduct certain discovery targeted at Defendant's *McCorpen* defense, denial of the instant motion pending further discovery is warranted. *See Coleman v. Anco Insulations, Inc.*, 196 F. Supp. 3d 608, 611-12 (M.D. La. 2016) (reasoning that a motion for summary judgment was "simply premature" because it was filed "prior to the commencement of formal discovery"); *Haydell Indus., LLC v. Petrucci*, 702 F. Supp. 2d 688, 697-98 (W.D. La. 2010) (reasoning that a motion for summary judgment was premature where "discovery in th[e] forum ha[d] not formally commenced, no scheduling order ha[d] been entered in th[e] matter, and there [wa]s not any discovery deadline imposed yet"). The Scheduling Order in this case was issued on March 20, 2018, *see* Rec. Doc. 16, fourteen days *after* Defendant filed the instant motion for summary judgment, *see* Rec. Doc. 15. Initial disclosures under Federal Rule of Civil Procedure 26 were not due until April 4, 2018, *see* Rec. Doc. 16 at 1, one week after the instant motion was set for submission, *see* Rec. Doc. 15-6. The deadline for discovery is December 10, 2018, approximately eight months from now. *See* Rec. Doc. 15 at 1. Admittedly, Plaintiff had access to medical records starting in October 2017, *see, e.g.*, Rec. Doc. 20-1, but there is no indication that any requests for admission or interrogatories

7

have been exchanged, nor any depositions conducted. Discovery has just barely begun.

Turning to the "specified facts" Plaintiff aims to develop "within a reasonable time frame," Plaintiff states that he needs to take at least three depositions. *See* Rec. Doc. 17 at 6. Plaintiff wants to depose Dr. Seltzer, a treating physician, and Dr. Revels, who conducted the independent medical examination, to elicit testimony relevant to the third element of the *McCorpen* defense, namely whether Plaintiff's pre- and post-accident injuries are related. *See id.* Plaintiff also plans to depose the physician's assistant who conducted his pre-employment physical to ascertain the extent of Plaintiff's disclosure regarding his preexisting back pain. *See id.* This testimony could be relevant to the first element of the *McCorpen* defense, which addresses concealment. *See id.* Defendant highlights Plaintiff's need for additional time to conduct discovery when, for example, it argues in its reply that "Plaintiff does not dispute Dr. Revels' opinions, or present countervailing evidence." Rec. Doc. 20 at 9. But Plaintiff has not had an opportunity to depose Dr. Revels about his medical conclusions or retain his own medical experts. It would be unfair to penalize Plaintiff for failing to develop sufficient evidence at this stage of the proceedings when the scheduling order did not require Plaintiff to do so.

That being said, Plaintiff's request to delay consideration of the motion for summary judgment is a far closer question than one would expect given that this case is in its very early stages. This is because delay is only warranted when new facts would alter the outcome of a motion for summary judgment. *See Prospect Capital*, 819 F.3d at 757. As it stands now, the evidence mustered by Defendant and Plaintiff's responses to Defendant's statement of material facts suggest that Plaintiff did not fully and accurately disclose relevant medical history in response to Defendant's written medical questionnaire. But Plaintiff and his counsel have represented in their opposition that discovery may show that (1) Plaintiff's current injuries are new, not related to past injuries, and (2) Plaintiff disclosed more medical history during his physical than the medical history questionnaire indicates. *See* Rec. Doc. 17 at 5-7. If developed, such facts could create a genuine issue of material fact. In that vein, Plaintiff's counsel should take seriously their obligation under Federal Rule of Civil Procedure 11 to ensure that, if Defendant reurges the instant motion, any opposition "is not . . . presented for any improper purpose," only includes "claims, defenses, and other legal contentions [that] are warranted by existing law[,]" and relies on "factual contentions that have evidentiary support . . . ."

The Court is also sensitive to Defendant's concern that delaying consideration of its motion for partial summary judgment

may require it to make unnecessary maintenance and cure payments. *See* Rec. Doc. 20 at 4. Without reaching any conclusions about the merits of Defendant's underlying argument about Plaintiff's entitlement to maintenance and cure, the Court notes that an employer does not incur additional liability when it reasonably declines to make maintenance and cure payments. *See Boudreaux v. Transocean Deepwater, Inc.*, 721 F.3d 723, 727-728 (5th Cir. 2013) (citing *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987)).

New Orleans, Louisiana, this 17th day of April, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE