**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**JAMES RICKEY WHITE**                                            **CIVIL ACTION**

**VERSUS**                                                             **NO. 17-9774**

**SEA HORSE MARINE, INC.**                              **SECTION "B"(5)**

<u>**ORDER AND REASONS**</u>

Defendant Sea Horse Marine, Inc. filed its "Re-Urged Motion for Partial Summary Judgment on Plaintiff's Claim for Maintenance and Cure." Rec. Doc. 24. Plaintiff James Rickey White timely filed an opposition. Rec. Doc. 27. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 30. For the reasons discussed below,

**IT IS ORDERED** that the motion (Rec. Doc. 24) is **GRANTED** and Plaintiff's claim for maintenance and cure is dismissed with prejudice.

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff James Rickey White was employed by Defendant Sea Horse Marine, Inc. as the Captain of the M/V ELISE MARY on May 30, 3017, when he allegedly suffered an accident. *See* Rec. Doc. 1 ¶¶ 3-5; Rec. Doc. 11 ¶ 3. Because of the accident, Plaintiff allegedly suffered "serious painful injuries to his back and other parts of his body." Rec. Doc. 1 ¶ 5. On September 28, 2017, Plaintiff filed suit against Defendant, bringing negligence and

1

unseaworthiness claims. *See id.* ¶¶ 6, 7. As part of his complaint, Plaintiff sought maintenance and cure. *See id.* ¶ 8.

Plaintiff applied for the job with Defendant on September 2, 2016. *See* Rec. Doc. 15-3. As part of the application process, Plaintiff filled out a medical history form and underwent a physical. *See* Rec. Doc. 15-4. On the medical history form, Plaintiff indicated that he suffered from high blood pressure and took medications for that condition. *See id.* at 1. Plaintiff also stated that he had previously "pulled muscles [in his] lower back[,]" had received worker's compensation, and suffered an "[i]njury or illness which required loss time from work[.]" *Id.* Plaintiff did not answer a question about whether he currently or previously suffered from an "[i]njured back/back pain[.]" *Id.* Plaintiff answered "no" when asked about whether he had ever suffered an "[i]njured hip[,]" "back surgery/injury[,]" "[r]uptured/herniated disk[,]" "[r]ecurrent neck/back pain[,]" "[a]ny joint problems[,]" "[a]ny other disease/surgery[,]" and "MRI, CT Scan, Discogram or Myelogram[.]" *Id.*

The record from Plaintiff's physical includes a similar medical history. *See id.* at 3-4. The physician's assistant who conducted the physical concluded that Plaintiff's "Spine/Musculoskeletal" system was "Normal[,]" but noted "degenerative change" in an x-ray of Plaintiff's lumbar spine. *Id.* at 6. Because of his high blood pressure, Plaintiff was not

2

declared "Fit for duty" immediately following his physical. *Id.* at 7. But Plaintiff was considered to have "the physical strength, agility, and flexibility to perform all of the items listed in the instruction table." Rec. Doc. 15-4 at 7. Plaintiff also appears to have passed a drug test on September 2, 2016. *See id.* at 9. Plaintiff was ultimately hired by Defendant on September 6, 2016. *See* Rec. Doc. 15-3 at 4.

Plaintiff's medical history is actually more extensive than indicated on the pre-employment forms. Plaintiff admits that "[d]uring the eleven year time period preceding [his] September 2, 2016 pre-employment physical, [he] treated with multiple doctors for low back, hip and leg pain." Rec. Docs. 24-2 ¶ 23; 27-1 ¶ 23. Plaintiff admits that "two days before his pre-employment physical, plaintiff treated with Dr. Donald Sanders for . . . degeneration of intervertebral disc of the lumbar region, and was issued by Dr. Sanders a prescription for a 90 day supply of Norco," a painkiller containing acetaminophen and hydrocodone. Rec. Docs. 24-2 ¶ 27; 27-1 ¶ 27. Plaintiff admits that "[o]n March 22, 2017, [he] was examined by Dr. Roger Setzler . . . for problems with his left leg and pain radiating down his leg, and assessed with lumbar degenerative disc disease, bulging lumbar disc and acute left lumber radiculopathy." Rec. Docs. 24-2 ¶ 30; 27-1 ¶ 30. After the alleged accident, on November 8, 2017, Plaintiff underwent an independent medical examination with Dr. Revels. *See* Rec. Doc. 15-

3

5. Dr. Revels concluded that Plaintiff's "current lumbar spine, hip and leg complaints are the same as his previous lumber spine, hip and leg conditions for which he sought treatment for over a decade." *Id.* at 2.

Defendant moved for summary judgment on the issue of Plaintiff's entitlement to maintenance and cure on March 6, 2018. *See* Rec. Doc. 15. Plaintiff opposed the substance of Defendant's motion and also argued that he needed additional time to complete discovery before adequately opposing the motion for summary judgment. *See* Rec. Doc. 17. The scheduling conference was not held until March 20, 2018. *See* Rec. Doc. 16. The scheduling order set a discovery deadline of December 10, 2018. *See id.* at 1. The Court denied Defendant's motion for partial summary judgment and allowed Defendant to reurge the motion after July 15, 2018—providing time for Plaintiff to conduct discovery about Plaintiff's entitlement to maintenance and cure. *See* Rec. Doc. 23. Defendant timely reurged its motion for partial summary judgment. *See* Rec. Doc. 27.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine

issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

"Maintenance and cure is an obligation imposed upon a shipowner to provide for a seaman who becomes ill or injured during his service to the ship." *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). "The duty to provide cure encompasses not only the obligation to reimburse medical expenses already incurred, but also to ensure that the seaman receives the proper treatment and care . . . [until] maximum cure has been reached, *i.e.,* where it is probable that further treatment will result in no betterment in the claimant's condition." *Id.*

However, a shipowner can assert the *McCorpen* defense to avoid making maintenance and cure payments; the defense applies when an "injured seaman willfully concealed from his employer a preexisting medical condition." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *McCorpen v. Cent. Gulf. S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968)). "[T]o establish a *McCorpen* defense, an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit." *Brown*, 410 F.3d at 171 (citing *McCorpen*, 396 F.2d at 548-59). Defendant is entitled to summary judgment on the *McCorpen* defense because there is no genuine issue of material fact about whether Plaintiff hid extensive medical history related to the injuries presently at issue in this lawsuit.

First, there is no genuine issue of material fact with respect to concealment. "Failure to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information . . . satisfies the intentional concealment requirement." *Brown*, 410 F.3d at 174. Plaintiff admits that he failed to disclose eleven years of treatment for back, hip, and leg conditions when asked questions about those topics during the

pre-hiring medical examination. *See* Rec. Docs. 15-4 at 2-7; 24-2 ¶¶ 9-21, 23-27; 27-1 ¶¶ 9-21, 23-27.

Plaintiff's current opposition memorandum does not discuss the concealment prong of the *McCorpen* test. Plaintiff previously argued that there was a genuine issue of material fact with respect to concealment because Plaintiff disclosed that he previously strained muscles in his back and received workers compensation for that injury. *See* Rec. Doc. 17 at 8; 17-1 ¶¶ 12-13. Partial disclosure does not create a genuine issue of material fact regarding concealment, especially when the plaintiff's characterization minimizes the severity and duration of the medical condition. *See Ladnier v. REC Marine Logistics, LLC*, No. 14-1278, 2015 WL 3824382, at *2-3 (E.D. La. June 19, 2015) (concluding that there was no genuine issue of material fact about the concealment prong because plaintiff's disclosure about his shoulder condition was incomplete and failed to include discussion of past treatment). Moreover, Plaintiff disclosed no details about his history of hip and leg problems. *See* Rec. Doc. 15-4 at 2-7.

Second, there is no genuine issue of material fact about whether the conditions that Plaintiff failed to disclose are related to the injuries complained of in the instant lawsuit. "The inquiry [for the connection prong] is simply whether the new injury is related to the old injury, irrespective of their root causes." *Johnson v. Cenac Towing, Inc.*, 599 F. Supp. 2d 721, 728-29 (E.D.

La. 2009). This test is satisfied where, for example, "the old and the new injuries 'were to the same location of the plaintiff's lumbar spine.'" *Id.* at 728 (citing *Brown*, 410 F.3d at 176) (alteration omitted).

The evidence in the record demonstrates that Plaintiff's new injuries are related to Plaintiff's old injuries; Plaintiff has offered no evidence that would raise a genuine issue of material fact, after being afforded three months to depose relevant individuals and conduct additional discovery. Dr. Tim Revels, who completed a medical examination of Plaintiff and reviewed Plaintiff's medical records, declared that Plaintiff's "current lumbar spine, hip and leg complaints are the same as his previous lumbar spine, hip and leg conditions for which he sought treatment for over a decade." Rec. Doc. 15-5 at 2. Medical records attached to Defendant's first motion for summary judgment document years of treatment for lumbar pain, leg pain, and leg weakness—the same injuries that Plaintiff seeks damages for in the instant lawsuit. *See, e.g.*, Rec. Doc. 15-5 at 169-76, 193-202, 229-32, 251-54, 292-95.

Finally, there is no genuine issue of material fact with respect to the materiality prong of the *McCorpen* defense. "The

fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis." *Brown*, 410 F.3d at 175. But "[i]f the vessel owner would have employed the seaman even had the requested disclosure been made, concealment will not bar the seaman's recovery of maintenance and cure." *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 212 (5th Cir. 2006) (per curiam). "A triable issue of fact exists when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries." *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014). Courts in this Circuit have repeatedly granted summary judgment, dismissing a plaintiff's claim for maintenance and cure, when the evidence establishes that full disclosure of the plaintiff's medical condition would have prompted his employer to conduct further medical evaluation prior to making a hiring decision.[1]

---

[1] *See Thomas v. Hercules Offshore Servs., LLC*, 713 F. App'x 382, 387-88 (5th Cir. 2018) (per curiam) (affirming grant of summary judgment on *McCorpen* defense where Defendant "would have inquired further concerning . . . [the plaintiff's] medical history prior to hiring her" if the plaintiff had thoroughly disclosed previous injuries); *Dennis v. ESS Support Servs. Worldwide*, No. 15-690, 2016 WL 3689999, at *4-5 (E.D. La. July 12, 2016) (finding no genuine issue of material fact on materiality prong of *McCorpen* defense where defendant declared that it "would have required [the plaintiff] to undergo further evaluation and testing, before reaching a decision to hire him"); *Chapman v. Spartan Offshore Drilling, LLC*, No. 15-994, 2016 WL 1393490, at *5 (E.D. La. Apr.

9

Plaintiff does not dispute that the information he withheld from Defendant was material insofar as defendant "ask[ed] a specific medical question on [the] application, and that the inquiry [wa]s rationally related to the applicant's physical ability to perform his job duties." *See Brown*, 410 F.3d at 175; Rec. Doc. 27 at 5-8. Defendant's Human Resources Manager, Scott Plaisance, declared that "[t]he position of a captain," which Plaintiff applied for, "requires physical activities over extended periods of time, and the ability to safely operate vessels." Rec. Doc. 15-3 at 2. Unquestionably, information about Plaintiff's ability to engage in physical activities while suffering from back pain and Plaintiff's ability to safely operate vessels while under the influence of narcotic medication are rationally related. *See Brown*, 410 F.3d at 175.

Rather, Plaintiff argues that it is unclear whether Defendant would have changed its hiring decision if Plaintiff had been truthful. *See* Rec. Doc. 27 at 5-8. Defendant's HR Manager declared that Defendant "would have inquired further to determine

---

8, 2016) (granting summary judgment on *McCorpen* defense where the defendant's "examining physicians stated that, had the full extent of [the plaintiff's] medical history been revealed, they would not have released him to work and would have referred him for additional testing"); *see also Brown*, 410 F.3d at 175 (reasoning that omission of medical history was material even though it did not initially interfere with the plaintiff's ability to perform job because the defendant "based its hiring decision (at least, in part) upon" plaintiff's reported medical history).

10

[Plaintiff's] employability" if Plaintiff had disclosed his true medical history. *See* Rec. Doc. 15-3 at 2. As discussed previously, such a declaration, supported by the factual record, supports granting a motion for summary judgment on the materiality prong of the *McCorpen* defense. *See Thomas*, 713 F. App'x at 387-88; *Dennis*, 2016 WL 3689999, at *4-5; *Chapman*, 2016 WL 1393490, at *5. Plaintiff argues that there is a genuine issue of material fact because (1) the record from his pre-employment physical documents some medical problems and (2) he did not sign the Medical Certificate that was produced from the pre-employment physical. *See* Rec. Doc. 27 at 7.

Plaintiff's conclusory arguments do not create a genuine issue of material fact. While the Medical Certificate included a medical hold for further evaluation regarding Plaintiff's high blood pressure, the Certificate indicates that Plaintiff "has the physical strength, agility, and flexibility to perform all of the items listed in the instruction table." Rec. Doc. 15-4 at 7. Though the Medical Certificate notes some "degenerative changes" in Plaintiff's spine, the Certificate concluded that Plaintiff's "Spine/Musculoskeletal" system was "Normal." *Id.* at 6. Plaintiff did not sign the Medical Certificate, but he does not dispute the facts contained therein. *See id.* at 7. Moreover, Plaintiff filled out a form containing almost identical information, further supporting the accuracy of the Medical Certificate. *See id.* at 2.

11

Viewed in the light most favorable to Plaintiff, the Medical Certificate demonstrates that Defendant was willing to extend an offer of employment even when the applicant had some level of prior back injury. But, notably, the Medical Certificate still indicated that Plaintiff's health was within normal ranges (with the exception of his blood pressure, which Defendant followed-up on prior to making an offer of employment). *See id.* at 7.

Plaintiff primarily relies on *Luwisch v. Am. Marine Corp.* to support his argument that there is a genuine issue of material fact. *See* Rec. Doc. 27 at 7-8. In *Luwisch*, summary judgment on the *McCorpen* defense was inappropriate because the defendant (1) never specifically asked about the relevant medical history and (2) did not rely on the pre-employment physical when making its hiring decision. *Luwisch v. Am. Marine Corp.*, No. 17-3241, 2018 WL 3111931, at *2-3 (E.D. La. June 25, 2018). Neither factor is present here. Defendant repeatedly asked Plaintiff about the relevant medical history, *see* Rec. Doc. 15-4 at 2-7, and relied on the pre-employment physical when deciding to hire Plaintiff, *see* Rec. Doc. 15-3 ¶¶ 24-26, including previously noted follow up.

The instant case is therefore more analogous to *Dennis* and *Chapman*. In those cases, the plaintiffs provided partial answers about their medical histories before being hired. *See Dennis*, 2016 WL 3689999, at *4-5; *Chapman*, 2016 WL 1393490, at *5. Their employers provided evidence that, had they been provided with

complete information, they would have required additional medical evaluation. *See Dennis*, 2016 WL 3689999, at *4-5; *Chapman*, 2016 WL 1393490, at *5. In both cases, the employers won summary judgment on the *McCorpen* defense because there was no evidence that the employers would have hired the plaintiffs had the plaintiffs been truthful. *See Dennis*, 2016 WL 3689999, at *4-5; *Chapman*, 2016 WL 1393490, at *5. The plaintiffs' arguments were speculative because the uncontested evidence in each case showed that the employers would have requested additional medical information prior to making a hiring decision. *See Dennis*, 2016 WL 3689999, at *4-5; *Chapman*, 2016 WL 1393490, at *5. The same is true here.

Defendant has offered uncontested evidence that, had Plaintiff fully disclosed his decade-long treatment for back and leg pain, Defendant would have required additional medical inquiry prior to extending an offer of employment. There is no genuine issue of material fact about the materiality of Plaintiff's extensive deceptions during his pre-employment physical. Summary judgment is appropriate on instant claims for maintenance and cure.

New Orleans, Louisiana, this 8th day of August, 2018.

SENIOR UNITED STATES DISTRICT JUDGE